**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JESSICA WEST, for A.R** : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:13-2801** |
| v. : | **(MANNION, D.J.)** |
| **CAROLYN W. COLVIN,** : | |
| **Defendants** : | |

**MEMORANDUM**

Pending before the court is a request for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying the claim filed by plaintiff, Jessica West, on behalf of her minor daughter, A.R., for Supplemental Security Income ("SSI") payments under Title XVI of the Social Security Act ("the Act"). Also before the court is the report of Judge Karoline Mehalchick, which recommends that the decision of the Commissioner be affirmed.

By way of relevant background, on November 9, 2009 the plaintiff protectively filed an application for SSI on behalf of A.R. because of A.R.'s Premenstrual Dysphoric Disorder ("PMDD") and asthma. On February 17, 2011, this claim was denied. The plaintiff then filed a written request for an administrative hearing and on June 6, 2012 the plaintiff testified before Administrative Law Judge ("ALJ") Edmund C. Werre. On July 18, 2012, the ALJ determined that A.R.'s impairments did not meet or medically equal, and were not functionally equivalent to, the severity of any listing in 20 C.F.R. Part

404, Subpart P, Appendix 1. Accordingly, the ALJ determined that A.R. was not "disabled" under the Act between May 13, 2009 and the date of the decision.

On July 18, 2012, the plaintiff requested an administrative review of the ALJ's decision by the Appeals Council of the Office of Disability Adjudication and Review. On September 16, 2013, the Appeals Council denied this request, thus making the ALJ's July 18, 2012 decision the "final decision" subject to judicial review. 20 C.F.R. §416.1481.

On November 15, 2013, the plaintiff filed a complaint with this court appealing this final decision. (Doc. 1). The plaintiff requests that this court award the requested benefits or, in the alternate, remand this case for a new administrative hearing. (Doc. 1). On February 11, 2014, the Commissioner filed her answer (Doc. 8), along with a transcript of the administrative record. (Doc. 9).

By report dated November 6, 2014, Judge Mehalchick recommends that the Commissioner's final decision be affirmed. In making this recommendation, Judge Mehalchick correctly considered not whether A.R. was "disabled" according to 42 U.S.C. §1382(a)(3)(C)(I), but rather whether the denial was supported by substantial evidence in the administrative record. (Doc. 16, p. 3).

Judge Mehalchick first addressed the ALJ's decision itself, noting that the ALJ used the three-step evaluation process required by 20 C.F.R. Part

404, Subpart P, Appendix 1 in making the decision to deny disability benefits to A.R. (Doc. 16, p. 3). Judge Mehalchick then highlights the numerous physicians' examinations, diagnoses, and determinations contained within the record, all of which led the ALJ to find that A.R. had no "listed" or "functionally equivalent" impairment under the Act. (Doc. 16, p. 4-7).

Next, Judge Mehalchick addresses the plaintiff's contention that the ALJ failed to meet his obligation to develop the record because he did not send interrogatories to A.R.'s teachers, treating physicians, or mental health counselors, and because he "failed to fill in any perceived gaps" in the record. (Doc. 16, p. 8). Judge Mehalchick rightly points out that while the ALJ has a duty "to investigate the facts and develop the arguments both for and against granting benefits," Sims v. Apfel, 530 U.S. 103, 111 (2000), the claimant still has the burden to develop the record regarding his or her disability. (Doc. 16, p. 8). The court agrees with Judge Mehalchick that not only did the ALJ meet his burden, but he also provided to the plaintiff an opportunity to update pertinent records after the hearing.

Finally, Judge Mehalchick reviews the ALJ's determination that A.R.'s impairment was not functionally equivalent to a "listed" impairment. (Doc. 16, p.9). *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. In making the determination, the ALJ, employed the "whole child approach" and considered each of the six (6) "domains" as required by 20 C.F.R. §416.926a(b)(1)(i)-(vi). The six domains are: "(1) acquiring and using information; (2) attending and

3

completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. §416.926a(b)(1)(i)-(vi). For an impairment to be deemed "functionally equal" to a listed impairment, there must be "marked" limitations in at least two domains, or an "extreme" limitation in one domain. 20 C.F.R. §416.926a(d). The plaintiff's challenges concern the ALJ's determinations in the domains of "interacting and relating with others," "caring for oneself," and "health and well-being." Accordingly, Judge Mehalchick devotes the rest of her report to evaluating these three ALJ determinations.

As to the "interacting and relating with others" domain, the plaintiff argues the ALJ erred in the following three ways: (1) the ALJ improperly inserted his own lay opinion; (2) the opinions of A.R.'s teachers were entitled to, but did not receive, controlling weight; and (3) the ALJ failed to consider questionnaires from A.R.'s former Principal and Vice Principal. (Doc. 14, p. 17-20). The court agrees, first, that the ALJ clearly relied heavily on medical opinion evidence in the record, and, therefore, the plaintiff's first allegation lacks merit. Second, the court agrees that only a "treating" source, as opposed to an "acceptable medical source" like a teacher, is to be given controlling weight. As such, the plaintiff's second argument also fails. Finally, the court agrees that in light of the extensive evidence considered by the ALJ in making his decision, as well as the scant evidence indicating that A.R.'s condition is more severe than the ALJ has determined, there is no reason that

remand would lead to a different result, as required by Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989).

As to the "caring for oneself" domain, the court agrees with Judge Mehalchick that the ALJ's decision was supported by substantial evidence. The plaintiff argues that the ALJ's decision is unsupported by substantial evidence because the ALJ failed to consider the teacher evaluations. Similar to the ALJ's analysis of the "interacting and relating with others" domain, the ALJ does not address the teacher evaluations outside of the cursory acknowledgment that he "considered all the relevant evidence." (Doc. 16, p. 16). Nevertheless, in light of the significant medical opinion evidence in the record, the court agrees with Judge Mehalchick that the ALJ's decision was supported by substantial evidence.

As to "health and well-being," the court agrees with Judge Mehalchick that the plaintiff's assertion that the ALJ's finding that A.R. had no limitation in this domain must fail for want of substantial supporting evidence. The plaintiff argued against the ALJ's decision by noting that A.R. experienced violent outbursts, and that the only medication developed specifically for PMDD has not been approved by the FDA for individuals under the age of 18. However, the ALJ noted that A.R. has been "doing well" on her current medication, and that his determination is supported by the medical opinion evidence. (Doc. 16, p. 17). Therefore, the court agrees that substantial evidence supports the ALJ's decision with respect to this domain.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc. 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The court has reviewed each of the recommended bases for affirming the final decision of the Commissioner presented by Judge Mehalchick. Because the court agrees with the sound reasoning that led Judge Mehalchick to the conclusion in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 9, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2801-02.wpd